IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Gary Calhoun, | Case No. 1:15 CV 1360 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Marion Correctional, | |
| Respondent. | |

Pro se Petitioner Gary Calhoun petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). In 1988, he pled guilty to one count of aggravated murder and was sentenced to life imprisonment with the possibility of parole after 20 years. *State v. Calhoun*, 2015-Ohio-810, ¶ 2 (Ct. App.). Calhoun says his plea agreement granted him "parolability [*sic*]" after 20 years of good-behavior imprisonment (Doc. 1 at 4). Despite good behavior, Calhoun alleges the Parole Board refused to accept this "plea understanding" and denied parole. Because he only pled guilty because of this "parolability" understanding, Calhoun argues he was denied his right to appeal his conviction and sentence (*id*. at 4, 7). Addressing substantially the same argument, the Ohio court of appeals denied his motion for leave to file a delayed appeal, noting "even though [Calhoun's] plea indicated that he would be eligible for parole after serving 20 years, it also stated that appellant might never be paroled." *Calhoun*, 2015-Ohio-810, at ¶¶ 9–10.

This Court must dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

Because Calhoun has no constitutional right to or liberty interest in release upon parole, his Petition fails to allege he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254; *see also Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235–36 (6th Cir. 1991).

This Court denies Calhoun's Petition for a Writ of Habeas Corpus (Doc. 1), and certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

                                                                                      s/ *Jack Zouhary*
                                                                                     JACK ZOUHARY
                                                                                    U. S. DISTRICT JUDGE

                                                                                    September 17, 2015